**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENNETH SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:04-cv-329-RLY-WGH |
| ) | |
| CRAIG HANKS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Kenneth Simpson ("Simpson") seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as WVE 04-05-05-0091. Based on the pleadings and the expanded record, Simpson's petition must be **denied.** This conclusion rests on the following facts and circumstances:

1. Simpson was assaulted at the Wabash Valley Correctional Facility on March 29, 2004. An investigation of the assault revealed that Simpson had compiled a "snitch list." Simpson gave that list to Officer Johnson and told Johnson to watch out for the offenders whose names were on the list because they were snitches. Officer Johnson apparently left the list on a counter; another offender took the list and made copies without Officer Johnson's knowledge. As a result, several offenders whose names were on the snitch list approached Officer Johnson and made threats to get more information about it. Officer Johnson was reassigned to other duties "due to risk of physical harm in general population." Although Simpson denied typing the snitch list, an investigation showed that he had done so. This conclusion was reached through examination of the typewriter ribbon from the typewriter Simpson possessed. It was felt that Simpson's creation of the "snitch list" created a risk of physical harm to Officer Johnson and to other offenders whose names were on the list. On May 17, 2004, Simpson was thus charged with violating any federal, state or local criminal law, specifically, with Criminal Recklessness as defined in IND. CODE § 35-42-2-2.

2. Simpson was supplied with a copy of the charge and with a copy of the report of investigation associated with the charge. He was notified of his procedural rights in connection with the matter.

3. A hearing on the charge was conducted on July 12, 2004. Simpson was present at the hearing and made a statement concerning the charge. The conduct board considered Simpson's statement, as well as the other evidence, and found Simpson guilty. He was sanctioned. After his administrative appeal was denied, Simpson filed the present action.

   4. Simpson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

   5. Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Simpson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   6. Under *Wolff* and *Hill,* Simpson received all the process to which he was entitled.

     a. The record shows that the charge was clear, that Simpson received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

     b. It is true that Simpson did not secure the written statement of Officer Johnson, but as of June 3, 2004, Officer Johnson had not been at work since May 18, 2004, and thus a statement from him in addition to the conduct report was not available. It was not a denial of due process for the conduct board to proceed, and no prejudice to Simpson has been shown by this decision. *Wolff,* 418 U.S. at 566 (explaining that prison officials have the right and the responsibility to keep disciplinary proceedings within reasonable limits).

     c. Simpson requested that the "snitch list" be produced at the hearing. It was not, but in light of the detail supplied through the investigation there was no requirement that physical evidence be produced. *Griffin v. Spratt,* 969 F.2d 16, 22 (3d Cir. 1992).

     d. Based on the account of the creation of the "snitch list" and its natural effect to create a danger to Officer Johnson and the offenders named on the list in the prison environment, the evidence was sufficient, for a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993), *cert. denied,* 115 S. Ct. 314 (1994). The fact that Simpson denied being culpable does not deprive the conduct board's decision of the constitutionally

sufficient "some evidence," because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill,* 472 U.S. at 457. The task of weighing the evidence is left to the fact-finders, and cannot be performed by a reviewing court in the exercise of its federal habeas jurisdiction. *Viens v. Daniels,* 871 F.2d 1328, 1334-35 (7th Cir. 1989). Due process requires only a decision based on "some evidence," which was present in this case.

e.   Simpson claims that the conduct report in the challenged proceeding was issued in retaliation against him for filing a grievance. Inmates have a right to be free from arbitrary actions of correctional officers, but the protections against such actions are adequate procedural safeguards, including the due process requirement that disciplinary decisions be supported by "some evidence." See *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999). In this case, Simpson's assertion of retaliation fails because he has not established any procedural shortcomings in the disciplinary proceedings. A conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff*'s procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff,* 418 U.S. at 571. The expanded record in this action shows that the proper procedures were followed.

f.   Simpson challenges the sanctions which were imposed. Those sanctions were, however, within the range of authorized sanctions for his infraction. A challenge to the severity of the sanctions imposed is not cognizable under 28 U.S.C. § 2254(a) under the circumstances of this case. See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review). His pre-hearing segregation, moreover, was not one of the sanctions and did not render the subsequent proceeding lawful. *Woodson v. Lack,* 865 F.2d 107, 109 (6th Cir. 1989).

7.   "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Simpson to relief. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/15/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana